## MORA v. GENERAL INSURANCE CO.
### Case No. 83-082-AP
Eleventh Judicial Circuit, Appellate Division, Dade County
December 5, 1983

---

Robert K. Estes, for appellant.

Robert A. Freyer, for appellee.

Before RIVKIND, SCOTT and MOORE, JJ.

Rivkind, J.

---

This cause is before the Court sitting in its appellate capacity wherein the Appellant/Plaintiff seeks review of the trial court's summary judgment in favor of Appellee/Defendant.

The facts pertinent to the issue on appeal are that on March 29, 1981, Appellant was involved in an automobile accident and was injured as a result of this accident. Appellant was insured for personal injury protection by the Appellee. Under the insurance policy, Appellant had eighty (80%) per cent coverage and elected a $250.00 deductible.

Appellant claimed medical expenses totaling $1,401.25. Pursuant to the insurance contract, Appellee took eighty percent of the claimed medical expenses of $1,401.25 and arrived at a product of $1,121.00. The Appellee then subtracted the $250.00 deductible leaving a balance of $871.00.

Appellant takes the position that the deductible of $250.00 should be subtracted from the total medical bill first, and then the eighty percent applied to the difference. Using the appellant's method of computation would result in the appellee owing the appellant $50.00 more, or a total of $921.00.

This is a case of first impression, to determine the proper method of computing the amount payable to an insured pursuant to a personal injury protection policy. We conclude that the trial court was correct in its holding. Our conclusion is based on the reading of two applicable statutes. Florida Statutes Section 627.739(1) (1979) states in part:

> Insurers shall offer to each applicant and to each policy holder, . . . deductibles, in amounts of $250., $500. . . . $800., said amount to be deducted from the amounts otherwise due each person subject to the deductions. . .

This statute must be read in conjunction with Florida Statute Section 627.736(1)(a) (1979) and the insurance contract, which state that only eighty percent of the medical expenses are otherwise due or payable up to a maximum of $10,000. We conclude that eighty percent must be multiplied by the medical expenses in order to reach the amount "otherwise due," which is then subject to the deductions.

The judgment of the trial court is affirmed. Since appellant has not prevailed, her motion for legal fees is denied.

Scott and Moore, JJ., concur.